Larry L. Groehler
9113 E. Aspen Ave
Mesa, AZ 85208
6023609076

U.S. DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | | | |
|---|---|---|---|
| LARRY L. GROEHLER, | ) | | |
| an individual, | ) | | |
| | ) | | |
| Plaintiff | ) | | |
| | ) | NO. | CV-13-02465-PHX-NVW |
| vs. | ) | | |
| | ) | | |
| CAVALRY PORTFOLIO SERVICES, | ) | | |
| LLC, a Delaware limited liability company; | ) | | |
| CAVALRY SPV I, LLC, a Delaware | ) | | |
| limited liability company; EWING & | ) | | |
| EWING ATTORNEYS, P.C., an Arizona | ) | | |
| professional corporation; NELSON | ) | | |
| EWING, II, an individual; TUFIK Y SHAYEB | ) | | |
| an individual | ) | | |
| Defendants | ) | | |
| _____ | ) | | |

  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., (hereinafter"FDCP A") to eliminate such abusive debt collection practices.

Plaintiff, Larry L. Groehler, brings this civil proceeding to challenge the actions of Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Ewing & Ewing Attorneys P.C., Nelson Ewing II, and Tufik Y. Shayeb, with regard to their unlawful attempts to collect a consumer debt, on the grounds and in the amounts set forth herein, and respectfully avers as follows:

This action arises out of the facts and circumstances surrounding the attempt to collect a

consumer debt allegedly owed by Plaintiff. Plaintiff, a Consumer, institutes this action for actual damages, statutory damages, litigation costs, and reasonable attorneys' fees against the Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. Seq., (hereinafter "FDCPA") with further citations to this Federal Statute to take the form "§ " (omitting the prefatory "15 U.S.C.").

**PARTIES**

1.      Plaintiff, Larry L Groehler, is a natural person and consumer as defined by the FDCPA, § 1692a(3).

2.      Defendant Cavalry Portfolio Services, LLC (hereinafter "Cavalry Portfolio"), is a cognizable legal entity formed and existing as a limited liability company under the laws of the State of Delaware, with offices within the District of Arizona at 4050 E. Cotton Center Blvd.,Suite 18, Phoenix, Arizona 85040.

3.      Defendant Cavalry Portfolio is licensed with the State of Arizona Department of Financial Institutions as a collection agency, license # 0905049, and is a debt collector as defined by the FDCP A, § 1692a(6).

4.      Defendant Cavalry Spy I, LLC (hereinafter "Cavalry SPV"), is a cognizable legal entity formed and existing as a limited liability company under the laws of the State of Delaware.

5.      Defendant Cavalry SPV is engaged in the business of purchasing charged-off debts, delinquent at the time of purchase.

6.      Defendant Spy is a debt collector as defined by the FDCPA, § 1692a(6)

7.      That Defendants Cavalry Portfolio and Cavalry SPV are liable for their own violations of

the FDCPA, and for the violations of their agents under the doctrine of Respondeat Superior.

8. That as debt collectors, Defendants Cavalry Portfolio and Cavalry SPV are liable for the FDCPA violations of the attorney(s) that they retain to represent them for debt collection activities.

9. That Defendants Nelson Ewing II and Tufik. Y. Shayeb, are natural persons and a licensed Arizona attorneys, who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, through the use of civil litigation in Arizona courts.

10. That Defendants Ewing and Shayeb are debt collectors as defined by the

FDCP A § I 692a( 6).

11. That Defendant Ewing & Ewing Attorneys, P.C. (hereinafter "law firm"), is an Arizona professional corporation, with offices as 4050 E. Cotton Center Blvd, Suite 18, Phoenix, Arizona 85040. Its registered agent for purposes of service is Defendant Ewing.

12. Defendant law firm is a debt collector as that term is defined by the FDCPA, § I692a( 6).

13. That Defendant law firm is liable for its own violations of the FDCPA, and for the violations of its officers, directors, and agents under the doctrine of Respondeat Superior.

**JURISDICTION AND VENUE**

14. Jurisdiction is conferred on this Court by 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

15. Venue is conferred on this Court by 28 U.S.C. § 1391, and 28 U.S.C. § 1991(b).

**FACTUAL ALLEGATIONS**

17. The FDCPA, at § 1692g(a)(3), requires that a debt collector include mandatory

disclosure (in pertinent part) in its first written collection communication to an alleged debtor, that unless a consumer, within thirty (30) days after receipt of the written communication, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

18.     That on or about April 12, 2013, Defendants Ewing and Shayeb, utilizing the stationary of Defendant law firm, sent a written communication to Plaintiff in the attempt to collect a consumer debt.

19.     That Defendant misrepresented the law concerning the assumption of liability of a debt.

20.     That the FDCPA § 1692g(c) explicitly states that "the failure of a consumer to dispute the validity of a debt under this section may not be construed by a court as an admission of liability by the consumer."

21.     That Exhibit A contains a false statement utilized in the attempt to collect a consumer debt.

22.     That Exhibit A violates the FDCPA § 1692e(2)(A).

23.     That Exhibit A violates the FDCPA § 1692e(11).

24.     That Exhibit A is a deceptive representation that would confuse least sophisticated consumer, and violates the FDCPA § 1692e.

25.     That Exhibit A includes an unfair collection demand.

26.     That Exhibit A violates the FDCPA § 1692f.
27.     That Exhibit A fails to properly provide Plaintiff with the mandatory wording of the

FDCPA.

28.     That Exhibit A violates the FDCPA § 1692g(a)(3).

29.     That Plaintiff alleges that at all times relevant herein" each of

the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things alleged herein, were acting within the scope, purpose, and authority of such agency, service, employment and/or representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference

hereinafter to "Defendants", with further qualification, is meant by Plaintiff to refer to each Defendant named above.

30.     At no time has Plaintiff expressly, or impliedly, waived any of his rights to proceed in this action for violation of the FDCPA.

## CAUSES OF ACTION - FDCPA VIOLATIONS

31.     That Plaintiff incorporates herein paragraphs 1-30 above as if fully pleaded here.

32.     Defendants' collection communications have violated at least the following provisions of the FDCPA:

      a) violation of 15U.s.C. § 1692e

      b) violation of 15U.S.C.§ 1692f

      c) violation of 15U.S.C.§ 1692g

33.     That upon information and belief, Defendants' collection actions have resulted in additional violations of the FDCPA.

34.     The foregoing acts and omissions were undertaken by Defendants intentionally, willfully, and/or in gross or reckless disregard of the rights of Plaintiff, and as a part of their persistent and routine practice of debt collection.

35.     As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, actual damages, statutory damages, litigation costs, and reasonable attorney fees in accordance with § 1692k.

**DEMAND**

WHEREFORE, the Plaintiff requests that judgment be entered in his favor and against each Defendant individually, for:

a.  An Order of this Court declaring that Defendants have violated the FDCPA;

b.  Actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. §1692k(a)(I);

c.  Statutory damages of $ 1,000, pursuant to 15U.S.C. § 1692k(a)(2)(A);

d.  Costs of this litigation;

e.  Reasonable fees at the rate for all hours reasonably expended pursuant to 15U.S.C. § 1692k(a)(3), the "private attorney general" doctrine.

f.  Such other relief as the Court may find to be just and proper.

Dated: 12/3/2013

*Larry J. Groehler* (signature)

Larry L. Groehler
9113 East Aspen Avenue
Mesa, Arizona 85208
Telephone: 602 380 9076

PLAINTIFF'S
# EXHIBIT A

# Ewing & Ewing Attorneys, P.C.
## A Professional Corporation

4050 E Cotton Center Boulevard  
Suite 18  
Phoenix, Arizona 85040

Telephone: 800.861.5308  
Facsimile: 800.861.3811  
Email: Newing@Ewing-Ewing.com

April 12, 2013

LARRY L GROEHLER  
9113 E ASPEN AVE

MESA, AZ 85208-1651

RE:   LARRY L GROEHLER  
      Cavalry SPV I, LLC, as assignee of HSBC Bank Nevada, N.A. Household Bank  
      Account: 14584320

Dear Larry L Groehler,

My office has been retained for the purpose of collecting an outstanding unpaid debt. My office is a debt collector. The current balance due on the above referenced account is $1,256.91.

Pursuant to federal law, unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days from the date of receiving this letter, then the debt will be assumed to be valid by my office.

If you notify my office in writing within thirty (30) days from the date of receiving this letter that the debt, or any portion thereof, is disputed, my office will obtain verification of the debt and will mail you a copy of the verification.

If you request in writing within thirty (30) days from the date of receiving this letter information regarding the identity of the original creditor we will provide it to you.

Sincerely,

Nelson Ewing II  
Ewing & Ewing Attorneys, P.C.

**This is an attempt to collect a debt and any information provided will be used for that purpose.  
This correspondence is from a debt collector.**

UNITED STATES POSTAL SERVICE 

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Larry Grochler
7113 East Aspen Avenue
Mesa, AZ 85208

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ewing + Ewing
4050 Cotton Blvd Suite 18
Phoenix, AZ
85040-8862

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                    4-30-13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Certified Mail: 7009 0820 0001 7672 0340

Larry Groehler<br>
9113 East Aspen Avenue<br>
Mesa, Arizona 85208<br>
April 29, 2013

Ewing & Ewing Attorneys, PC
4050 Cotton Center Blvd., Suite 18
Phoenix, Arizona 85040-8862

Regarding:
    Calvary SPV I, LLC
    Account Number:14584320
    Balance: $1256.91

To Whom It May Concern:

    I am in receipt of your letter dated 12 April, 2013. In that letter you state that "if you notify my office within thirty (30) days after receiving this letter that the debt or any portion thereof, is disputed.
    Consider this letter my notice of dispute over the validity of this alleged debt. In addition, I have a few questions that I'd like you to answer in order that I might ascertain whether the alleged debt is indeed binding upon me and/or my wife, thus you are in receipt of notice under the authority of The Fair Debt Collections Act regarding the above listed "Balance" and/or "alleged debt" with the "Original Creditor" and the listed "Account Numbers".

    It is not now nor has it ever been my intention to avoid paying any obligation that I lawfully owe. In order that I can make arrangements to pay an obligation which I may owe, please document and verify the "debt" by complying in good faith with this request for validation and notice that I dispute part of, or all of the alleged debt:

1. Please furnish a copy of the original promissory notes redacting the assigned social security number to prevent identity theft and state under penalty of perjury that your client, the "Original Creditor" named above is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.

2. Please produce the accounting and general ledger statements showing the full accounting of the alleged obligations that you are now attempting to collect.

3. Please identify by name and address all persons, corporations, associations, or any other party having an interest in legal proceedings regarding the alleged debt.

4. Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of the debt and are proceeding with collection activity in the name of the original maker of the note.

Certified Mail: 7009 0820 0001 7672 0340

5. Please verify under penalty of perjury that you know and understand that certain clauses in a contract of adhesion, such as so-called forum selection clauses, are unenforceable unless the party to whom the contract is extended could have rejected the clause without impunity.

6. Please provide verification from the stated creditor that you are authorized to act for them.

7. Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of a debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing which you know is false with the intention that others rely on the written communication to their detriment.

8. Please limit your communication with me to writing only. If I receive any phone calls from your company, I will consider them to constitute harassment. Please be advised that unwanted telephone calls are a class 1 misdemeanor in this state and I will file a complaint against the caller with the attorney general's office. I maintain a telephone log of each phone call and in some cases, make an audio recording when necessary. Be advised that you have the right to remain silent. If you ignore this notice and contact me by telephone, you and your employees agree to allow me to make an audio recording of our conversation and you and your employees agree to allow the recording and any other information to be used against you and your employees in a court of law. I will accept only your written communication.

9. Be advised that I am not requesting a "verification" that you have my mailing address, I am requesting a "validation;" that is, competent evidence that I have some contractual obligation to pay you.

10. You should also be aware that sending unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law. You may wish to consult with a competent legal advisor before your next communication with me.

11. Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorney fees.

12. If you do not provide me the information requested within thirty (30) days, I will consider the purported debt to be invalid, that you made a mistake, and that you agree to sanctions imposed against you and your organization for knowingly continuing a frivolous claim against me.

Certified Mail: 7009 0820 0001 7672 0340

Disputing the Alleged Debt,


Larry Groehler

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *[signature]*  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery 9/6 |
| 1. Article Addressed to:<br><br>Calvary Portfolio Services<br>500 Summit Lake Drive<br>Valhalla, NY 10595 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7009 0820 0001 7672 0494 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-15

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Larry Grahley
9113 East Aspen Ave
Mesa, AZ 85208

Dear Sirs:

I recently pulled my credit report. saw that CAVALRY PORTFOLIO SERVICE did a credit inquiry without my permission

I have never heard of CAVALRY PORTFOLIO SERVICE,500 SUMMIT LAKE DRIVE, VALHALLA, NY 10595.

I have never bought any merchandise whatsoever from your firm nor to the best of my knowledge

and belief have they ever performed any service for me of any kind whatsoever.

I would like to resolve this matter at the earliest possible time, however due to the possibility of error

or fraud in this matter, I must insist that you prove that I owe you this purported debt and why.

In order to prove the debt, I must have a signed and sworn statement before notary public under

penalty of perjury by a person having firsthand knowledge of the indebtedness and stating that the

reported indebtedness was a legal indebtedness under all applicable state and federal laws, was not

subsequently disputed as a result of returned, faulty, or recalled consumer products, and furthermore

swearing that this purported debt is not now nor ever has been part of any tax write off scheme nor

insurance claim. Please be advised that I am requesting validation and competent evidence that I

had some contractual obligation sans consumer protection encumbrance whereby I incurred the

original claims associated with this purported debt.

Please be advised that under the Fair Debt Collection Practices Act, I am authorized to demand that

you not contact me by telephone nor at my place of employment by any means whatsoever. If you

wish to communicate with me, you may do so only by U.S. mail and only at my place of residence.

Your failure to provide such information as I request in a timely manner may constitute prima facie

evidence of intent to defraud, intimidate or coerce me and to deprive me of my civil rights.

Please be advised that any contact made by your firm with any 3rd party firm or entity regarding this

issue absent compliance with each and every part of this demand for validation may constitute

violation of the FDCPA and the FCRA and may constitute grounds for civil or criminal action or

complaints being filed against you. I do hope that you can understand and that we can settle this

matter in an amicable fashion at the earliest possible moment.

Sincerely,

Larry L. Groehler

      Certified Mail 7009 0820 0001 7672 0494

  phone 623-252-1285